E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KAREN I. MEYER (Cal. Bar No. 220554)
Assistant United States Attorney
Violent and Organized Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8559
    Facsimile: (213) 894-3713
    E-mail:   kim.meyer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Nos. CV 23-08392-SVW |
|---|---|
| Plaintiff, | CR 16-166-SVW |
| v. | GOVERNMENT'S MOTION TO DISMISS WITHOUT PREJUDICE DEFENDANT'S MOTION UNDER 28 U.S.C. SECTION 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE |
| DU TRUONG NGUYEN, aka "Andrew," | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Karen I. Meyer, hereby files a motion to dismiss without prejudice defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, filed October 2, 2023. (CR 224 (in 16-166 criminal matter); CR 1 (in 23-08392 civil matter.)

1

This motion is based on the attached memorandum of points and authorities and the record in this case.

Dated: February 11, 2024            Respectfully submitted,

                                                E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

       /s/
KAREN I. MEYER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   BACKGROUND**

Defendant was sentenced on August 28, 2023. The next month, on September 13, 2023, defendant filed (pro se) a notice of appeal in the Ninth Circuit (CA 23-2207, DktEntry 1.) On October 2, 2023, defendant filed a 2255 petition in the district court claiming that the sentencing by Judge Wilson is invalid ((CR 224 (in 16-166 criminal matter); CR 1 (in 23-08392 civil matter).) Defendant continues, making the unsubstantiated claim that the government manufactured false evidence in relation to working with the confidential informant who testified at trial, (2255 petition, at 3), misapprehending the use of the informant in the sting money laundering scenario the government used as part of its investigation. Defendant also claims that he was entrapped and induced, and alleges that both this Court and Judge Otis D. Wright (the prior court overseeing defendant's criminal matters), in conjunction with government counsel, stole defendant's identity to create securities supposedly traded on the U.S. and international stock markets. (2255 petition, at 3-4.)[1] Defendant also makes claims concerning human trafficking and false imprisonment. (2255 petition, at 5.)

With respect to defendant's appeal, defendant filed a motion to proceed pro se on September 25, 2023. (CA 23-2207, DktEntry 3.) On November 15, 2023, the Ninth Circuit denied defendant's request to proceed pro se because "[t]he record of proceedings in this court supports the conclusion that permitting appellant to represent

---

[1] Defendant has filed complaints of judicial misconduct against Judge Stephen V. Wilson (no. 23-90083) and Judge Otis D. Wright II (no. 23-90084), (2255 petition, CR 224, at 13). Both matters are under seal.

1

himself would undermine a just and orderly resolution of this appeal." (CA 23-2207, DktEntry 21.1.) Counsel Devin Burstein was appointed to represent defendant on appeal. Currently defendant's opening brief is due March 21, 2024. (CA 23-2207, DktEntry 31.)

Because defendant has not established extraordinary circumstances justifying a 2255 petition and direct appeal proceeding simultaneously, defendant's motion should be dismissed without prejudice.

**II. ARGUMENT**

    **A. A 2255 Petition and Direct Appeal Should Generally Not Proceed Simultaneously**

It is well-established that a "district court <u>should not</u> entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court." <u>Feldman v. Henman</u>, 815 F.2d 1318, 1320 (9th Cir. 1987) (citations omitted) (emphasis in original); <u>United States v. LaFromboise</u>, 427 F.3d 680, 686 (9th Cir. 2005) ("In <u>Feldman v. Henman</u>, we held that federal prisoners must exhaust appellate review prior to filing for habeas relief in the district court . . . The district court will not review a section 2255 motion until the direct appeal is resolved") (citation and quotation omitted).[2]  The rationale for this rule is that "disposition of the appeal may render the [habeas corpus writ] unnecessary." (<u>Feldman</u>, 815 F.2d at 1320) (citation omitted.)

This is consistent with the express language of 28 U.S.C. § 2255(f), which provides a one-year time period for when a 2255 petition may be filed premised upon the latest of four events, in

---

[2] There is a question as to whether this rule reflects a jurisdictional bar or simply a preference for judicial economy. <u>LaFromboise</u>, 427 F.3d at 686, n.9.

2

this case, the date on which the judgment of conviction becomes final. 28 U.S.C. § 255(f)(1). A judgment is considered final where "a judgment of conviction has been rendered, <u>the availability of appeal exhausted</u>, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." <u>LaFromboise</u>, 427 F.3d at 683 (citation omitted) (emphasis added). That has not yet occurred here, so defendant's 2255 petition is premature. <u>Id.</u> at 686.

### B. The Only Exception to the General Rule Is If Extraordinary Circumstances Are Present, Which There Are Not

"The general rule of forebearance is not, however, a jurisdictional impediment. The District Court may entertain a collateral motion during the pendency of a direct appeal if 'extraordinary circumstances' outweigh the considerations of administrative convenience and judicial economy." <u>United States v. Taylor</u>, 648 F.2d 565, 572 (9th Cir. 1981) (citations omitted). Defendant bears the burden of "proving the existence of circumstances sufficiently extraordinary to warrant dual proceedings." <u>Id.</u> In <u>Taylor</u>, defendant raised a question as to the government's representations concerning whether the government had unsuccessfully subpoenaed an original document, casting doubt on the fairness of the trial where a copy of the document was admitted against defendant at trial and the admission of that copy was a "pivotal aspect" of the direct appeal. <u>Id.</u> at 571-73. The Ninth Circuit concluded that the district court erred in dismissing defendant's motion solely because defendant's direct appeal was pending before the Circuit.

Extraordinary circumstances do not exist here that would justify permitting defendant's 2255 petition and direct appeal to be

3

considered simultaneously.  First, because defendant has not yet filed his opening brief on direct appeal, it is unclear whether issues raised in the 2255 motion will be issues on appeal.  Under such circumstances, the direct appeal should be decided before defendant's 2255 petition.  See United States v. Maka, 2007 WL 1225367 *2 (D. Hawaii, Apr. 24, 2007) (dismissing defendant's 2255 petition without prejudice where the accusation that the government had suborned perjury at trial was unrelated to issues raised on direct appeal)[3]; see also United States v. Swisher, 2009 WL 1149445 *2 (D. Idaho 2009) (where government misconduct is not alleged "and it is not known whether resolution of any of the ineffective assistance of counsel claims would directly and seriously implicate any issue on appeal given the appellate briefing has not been filed.").  Second, defendant's claims of purported manufacturing of false evidence appear to challenge the use of FBI funds provided to the informant to use as a purported launderer as part of a money laundering sting scenario, as well as the monies that were paid to the confidential informant for his work as an informant.  This is not "manufacturing evidence," as defendant contends.  It simply reflects the government's authority to use ruses as an investigative technique.  (See Court's Jury Instruction No. 25 for CR 16-166, filed December 8, 2021, CR 85) ("You have heard testimony from Jimmy Yip as an informant who was involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the use of paid informants and undercover agents,

---

[3] Where dismissal is not on the merits, "it does not count as a § 2255 petition for purposes of § 2255's prohibition against second or successive petitions absent certification from the Court of Appeals."  Maka, 2007 WL 1225367 *2.

4

in order to investigate criminal activities.  Undercover agents and informants may assume the roles of members in criminal organizations.").  Under such circumstances, defendant's 2255 petition should be dismissed without prejudice pending resolution of defendant's direct appeal.

**III. CONCLUSION**

For the foregoing reasons, defendant's motion should be dismissed without prejudice.